**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| WACOM CO., LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:24-CV-00702-JRG |
| SHENZHEN QUIANFENYI | § | |
| INTELLIGENT TECHNOLOGY CO., | § | |
| LTD., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Before the Court is the Joint Motion for Entry of Consent Judgment (the "Motion"). (Dkt. No. 117). In the Motion, the parties move for an entry of a consent judgment agreed to by the parties in accordance with a settlement agreement they reached to resolve this case. (*Id.*).

The Court is unable to enter the proposed consent judgment as tendered by the parties. Specifically, the Court finds that the following legal determinations were not made by the Court during the course of this litigation, and the Court is unable to enter the proposed consent judgment with them included:

- Maxeye's Licensed Products, as that term is defined in the Settlement Agreement; practice at least some of the Asserted Patents;

- The Asserted Patents are not invalid; and

- The Asserted Patents include "Necessary Claims" as that term is defined under the Universal Stylus Initiative, Inc.'s (USI) Intellectual Property Rights Policy.

(Dkt. No. 117-1 at 1-2). While these statements may be properly included in the parties' settlement agreement, and the parties (but not the Court) may stipulate to them, the Court has not affirmatively made such determinations and cannot include them in a consent judgment.

Accordingly, the Court finds that the Motion should be and hereby is **DENIED**. The Court **GRANTS LEAVE** for the parties to file a renewed motion with an amended proposed consent judgment, consistent herewith, within fourteen (14) days of this Order.

**So ORDERED and SIGNED this 2nd day of June, 2026.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE